By the Court,
Garvin, J.
The plaintiffs filed their complaint to set aside a sale of a stock of goods made by the judgment debtor Peck to the defendant House, and also an assignment made to the defendant Mack, which assignment was without preferences.
The case was heard before his honor Justice Moncrief, at special term, who passed upon the question of intent both as to the sale of the goods and the assignment, and found that each were made in good faith, without any intent to hinder, delay or defraud creditors ; that finding was upon conflicting evidence, and is therefore conclusive. But it is insisted that the court erred ih overruling the objection to the question, “ Did you learn at that time what Mr. House was reported to be worth ?” The witness had known House for four or five years—had known him pretty well- for a year or two previous to these transactions. House had been a customer of the witness, who had been in the habit of selling him goods on credit. The witness further stated that he had seen statements of House’s business, and that the dividends and profits between, and by, House and his partner were some $4000 in six months —drew that much money—“ I knew what his credit was at the time of this sale; it was good.” Then follows^—after a few immaterial questions—the one objected to. The ruling of the court Was unexceptionable.
I think the witness had knowledge of the defendant’s (House) pecuniary circumstances and facts connected with his business, growing out of the witness’ commercial relation and acquaint *632 anee, to qualify him to spéak upon the question of House’s responsibility and credit.
The evidence of McKillip was properly excluded. He had .stated he did not know House ; had no knowledge personally of his responsibility ; knew nothing of his general reputation for pecuniary responsibility, either in Troy or New York, “except from - my books and records- of my agency.” After making these statements, this question was put by the plaintiff, (producing a paper,) “ I ask you whether this paper contains a 'correct result of your books, as to the standing of Mr. House?” The answer to this question was properly excluded. The judgment in this case should be affirmed, with costs.